STATE, *ex rel.* W. J. OVERMAN, v. CITY OF ST. PETERS-BURG, *et al.*

161 So. 280.
Opinion Filed May 6, 1935.

*S. S. Sandford* and *T. E. Lucas,* for Relator;
*W. F. Way* and *Carroll R. Runyon,* for Respondents.

Davis, J.—The command of the alternative writ of mandamus in this case is as follows:

"These Are Therefore to Command You, City of St. Petersburg, a municipal corporation, and the respondents, John S. Smith, Henry W. Adams, Jr., R. G. Blanc, M. D. Weaver, Ora F. Fraze, Sr., Frederick W. Webster, and Alvin J. Wood, as and constituting the City Council of the City of St. Petersburg, Carleton F. Sharpe, as City Manager of said City of St. Petersburg, the said City and the said City officials, at the time and in the manner prescribed by law, and without undue delay to proceed to make up the budget of said City for the fiscal year 1935-1936, and to appropriate in said budget, with subordination to operating or any other expense, a sufficient sum for the payment of one-third of principal and interest of relator's said judgment, and further commanding the said City and said City officials, as and constituting the City Council of said City, to proceed at the time and in the manner prescribed by law, to fix the millage and levy a special tax for the fiscal year 1935-1936, and likewise on making up the budget for each subsequent year, to provide for funds on all taxable property within said City of St. Petersburg, which calculated upon all assessable taxable property within said City, will produce a sum sufficient to pay one-third of the remaining sums herein directed to be appropriated for interest and

principal on the claim against said City held by your relator, including interest that will accrue and fall due, and to include said millage so determined to be necessary to pay the same in the total or aggregate tax roll to be levied by said City for all city purposes, and to refer the same to the said Tax Assessor of said City, and further commanding the respondent, John C. Donohoo, as Tax Assessor of said City, to calculate and carry out the total amount of City taxes so levied upon each parcel of property contained in the assessment roll, setting opposite the aggregate sums set down as the valuation of real and personal estate the respective sums assessed as taxes thereon, and upon completion of said roll that he annex his Assessor's affidavit thereto in the form required by law, and that he thereupon deliver said completed roll with a copy thereof, to the City Council of said City, and further commanding the respondents, John S. Smith, Henry W. Adams, Jr., R. G. Blanc, M. D. Weaver, Ora F. Fraze, Sr., Frederick W. Webster, and Alvin J. Wood, as and constituting the City Council of said City, to examine the original and the copy of the assessment roll and cause all mistakes to be corrected, and thereupon certify said assessment roll in the manner and form, and at the time required by law, and attach to said assessment roll their warrant in the form and manner prescribed by law.

"And you and each of you as respondents, are hereby further commanded to do and perform in the manner and within the time required, each and every, all and singular, the matters and things with respect to said appropriation ordinance, assessment roll and tax that are required by law to be done; or that in default of compliance therewith; to appear before this Court on the 29th day of March, A. D.

1935, and then and there show cause, if you, or either of you, can, for failure or refusal so to do."

The command of an alternative writ of mandamus is not analogous to the special prayer of a bill in chancery; it should be definite and certain in its requirements and·leave nothing to become the subject of speculation in the future as to what the court requires.

The present writ was brought for the purpose of requiring the payment of a judgment recovered against the City of St. Petersburg. The appropriate command of such a writ is to direct and require the City to make appropriate provision in its next ensuing budget for paying the judgment sought to be enforced.

If payment of the judgment is to be spread over several years in the successive budgets thereof, by providing installment payments to be included in each, the stipulated installments to be so included must either be specified with exactitude in the alternative writ, or if not so specified, may be pleaded by way of partial defense in the return, and thereupon allowed for by order of court requiring an appropriate amendment of the alternative writ to be made, preliminary to the issuance of any peremptory writ, should the court decide that a peremptory writ should only be awarded on condition that there be made a spread of payments over more than one year in the budgets thereafter to be made up.

The alternative writ of mandamus in this case embraces a command to produce a sum sufficient to "pay one-third of the remaining sums herein directed· to be appropriated," etc., on making up the budget for each subsequent year.

This is fatally indefinite and uncertain in that it is susceptible of construction to the effect that it requires (1) payment at the beginning of one-third of the total judgment and (2) thereafter in each and every subsequent year

*ad infinitum* an annual appropriation for the payment of one-third of whatever balance remains unpaid from year to year. Such a procedure, if ordered, would indefinitely prolong the successive appropriations of payments by·a long drawn out geometrical process of diminution of balances, and is therefore incapable of enforcement within the terms of the general rule laid down in State, *ex rel.* Attorney General, v. Florida Coast Line Canal Transportation Co., 73 Fla. 1006, 75 Sou. Rep. 582. (See 8th headnote.)

Motion to quash alternative writ granted.

Leave to amend within ten days allowed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.